IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DAVID CARPENTER, | : | |
| | : | CIVIL ACTION NO. 21-822 |
| Plaintiff. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                          November 29, 2021

The *pro se* plaintiff in this case has continually abused judicial process by repeatedly dumping numerous documents (consisting of photocopies or printouts from the Internet) on this court and by failing to either pay the filing fee or seeking leave to proceed *in forma pauperis*. All the plaintiff's submissions fail to follow the Federal Rules of Civil Procedure. In addition, he has inundated the undersigned's chambers with hundreds of e-mail messages.

Based on this continuous improper behavior, the court ordered the plaintiff to show cause why the court should not enter a pre-filing injunction against him to prevent him from future non-compliance with the Federal Rules of Civil Procedure. In response to this order, all the plaintiff has done is continue to submit these random photocopies and Internet printouts and send random emails to the undersigned's chambers.

As explained below, an injunction is necessary to prevent the plaintiff's continual abuse of the judicial process. Therefore, the court will enjoin the plaintiff from filing any further papers in non-habeas corpus cases in this court (1) that are captioned with the names of other courts, (2) that are not hand-signed in compliance with Rule 11 of the Federal Rules of Civil Procedure, and (3) for case-initiating documents, for which he has failed to pay the required fees or sought leave to proceed *in forma pauperis*.

## I.     CARPENTER'S LITIGATION HISTORY IN THIS COURT

In less than a year, the *pro se* plaintiff, David Carpenter ("Carpenter"), has dumped thousands of pages of random documents upon this court. Carpenter's first document dump occurred on December 30, 2020, when he sent an approximately 2,594-page document to the clerk of court. *See In re David Carpenter*, Civ. A. No. 20-6594, Doc. Nos. 1, 2. The clerk of court docketed the first 2,570 of these pages as a complaint, *see id.*, Doc. No. 1, and the additional 24 pages as exhibits, *see id.*, Doc. No. 2.[1] While less than clear, it appears from these approximately 2,600 pages of documents that Carpenter was still troubled by a failed purchase of residential real estate in the City of Lancaster in 2017.

Despite Carpenter's apparent dissatisfaction with what occurred with respect to this failed real estate purchase, he did not include a single document in his voluminous submission that states this claim to the court. In other words, there was no original document where he actually stated his claim, to the extent he was actually stating a claim for relief. Instead, the documents Carpenter submitted consist of mostly photocopies and printouts from the Internet. None contain a signature as required by Rule 11 of the Federal Rules of Civil Procedure.[2]

Regarding Carpenter's documents, in some instances he appears to have cut out names and pictures of various individuals and pasted them to pieces of paper. *See, e.g.*, *id.*, Doc. No. 1-33 at ECF p. 1; Doc. No. 1-8 at ECF p. 1; Doc. No. 1-18 at ECF pp. 1–12. He also includes hundreds of

---

[1] The clerk of court separately docketed 24 pages as exhibits even though they appeared in the same disorganized format as Carpenter's other submissions. The court notes that the clerk of court docketed the first 2,570 pages as a complaint in an abundance of caution and as required by Rule 5 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.").

[2] The purpose of a signature is to attest that the submission is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims and other legal contentions are warranted by existing law or for establishing new law; and the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. *See* Fed. R. Civ. P. 11.

pages of website profiles (including copies of the same profiles) of attorneys and other professionals. *See, e.g.*, *id.*, Doc. No. 1-8 at ECF pp. 5–14, 16–25 (identical copies of firm profiles of Marc A. Scaringi, Esquire). He further includes, *inter alia*, (1) numerous copies of letters he sent and received from various entities and individuals, *see, e.g.*, *id.*, Doc. No. 1-13 at ECF pp. 36–38, 58–60, 64–66, 67–69 (four copies of June 13, 2017 letter from Don H. Hess, Esquire, to Carpenter, relating to representation agreement); Doc. No. 1-32 at ECF pp. 65–67 (copy of same letter); Doc. No. 1 at ECF pp. 26–28, 52–54 (copies of same letter); (2) copies of complaints and correspondence between Carpenter and various disciplinary boards, including the Disciplinary Board of the Supreme Court of Pennsylvania, and copies of profiles of attorneys contained on the Disciplinary Board's website, *see, e.g.*, *id.*, Doc. No. 1-22 at ECF pp. 2–5 (October 2020 complaint Carpenter filed with Disciplinary Board of the Supreme Court of Pennsylvania and copy of website profile of Angela Marie Ward, Esquire); Doc. No. 1-11 at ECF pp. 1–4 (September 2020 letter from Office of Disciplinary Counsel to Carpenter); (3) hundreds of pages of e-mail correspondence, *see, e.g.*, *id.*, Doc. No. 1-27 at ECF pp. 1–150; (4) copies of text message strings, *see, e.g.*, *id.*, Doc. No. 1-1 at ECF pp. 6–22, 35–44, 50–61; and (5) tens of blank pages, *see, e.g.*, *id.*, Doc. No. 1-1 at ECF pp. 45–49; Doc. No. 1-2 at ECF pp. 1–12. All these documents are in no discernable order. Additionally, none contain the court's caption.

Carpenter failed to pay the filing fee or apply for leave to proceed *in forma pauperis*. Because he failed to pay the fee or apply for leave to proceed *in forma pauperis*, along with the failure of his submission to comply with Rules 3, 8, or 10 of the Federal Rules of Civil Procedure,

this court entered an order on January 26, 2021, which dismissed this action without prejudice.[3] Jan. 26, 2021 Order, *id.*, Doc. No. 5.

On February 3, 2021, the clerk of court docketed another submission by Carpenter as a complaint. *See In re: David B. Carpenter*, Civ. A. No. 21-606, Doc. No. 1. This submission consisted of 36 pages which again appeared to be copies of documents Carpenter submitted at Civil Action No. 20-6594. *See generally id.* As with this prior case, Carpenter did not pay the filing fee or apply for leave to proceed *in forma pauperis*. And, as with the prior case, this court entered an order dismissing the case for Carpenter's failure to pay the fee or apply for leave to proceed *in forma pauperis*, and for his failure to submit a complaint that remotely complied with the Federal Rules of Civil Procedure. *See* Feb. 11, 2021 Order, *id.*, Doc. No. 3.

Not thwarted from these two dismissals, Carpenter commenced his most recent barrage of document dumps via an 88-page document he submitted to the clerk of court on February 22, 2021, which the clerk again docketed as a complaint. *See* Doc. No. 1. As even the most cursory review of Carpenter's submission demonstrates, this was yet again Carpenter just submitting copies of documents with none of them having any characteristics of a complaint.[4] *See id.* Since Carpenter's

---

[3] Prior to the court dismissing this action, Carpenter submitted 124 additional pages of random documents that the clerk of court docketed on January 12, 2021. *See* Doc. No. 4. Most, if not all, of these documents are copies of documents he already submitted to the court.

[4] Interestingly, some of the documents Carpenter included in this filing show that this court is not the first place where Carpenter has practiced document dumping. *See, e.g.*, Doc. No. 1 at ECF p. 14 (October 29, 2020 letter from Thomas J. Farrell, Chief Disciplinary Counsel for the Disciplinary Board of the Supreme Court of Pennsylvania, where it states: "Over the last two years, my office has received 20 complaints which you have filed, 18 in the last month. In addition, you have deposited with us stacks of unorganized documents that appear to be requests that we open additional cases."); *id.* at ECF p. 16 (August 11, 2020 letter from Anthony P. Sodroski, Disciplinary Counsel-in-Charge for the Pennsylvania Office of Disciplinary Counsel, where it states: "Since June 28, 2020, you have submitted to this office, by facsimile transmission and mail, hundreds of pages of documents, many of which are available on the internet and some of which are duplicates. Most recently, we received three USPS Priority Mail shipments on August 5, 2020, and USPS Prior Mail deliveries on August 6, 7 and 10, 2020."); *id.* at ECF p. 18 (July 24, 2020 letter from Christopher M. Patterson and Gabriella Hashem Farhat of Pyfer, Reese, Straub, Gray & Farhat PC, where it states: "For the last several weeks, you have been dropping materials off at the front door to my office. I don't know why you are doing this. I do not represent you and to my knowledge have no connection with you or the matters to which the materials pertain."); *id.* at ECF p. 33 (January 8, 2021 letter from the Office of the Clerk for the United States District Court for the Middle District of Pennsylvania, wherein it states: "We are in receipt of numerous documents sent by you via the US Postal Service to this office. You do not have a case pending in this court.").

submission yet again failed to comply with the Federal Rules of Civil Procedure and he yet again failed to pay the filing fee or apply for leave to proceed *in forma pauperis*, the court entered an order dismissing the action on February 26, 2021. *See* Doc. No. 3.

Subsequent to this dismissal order, the clerk of court docketed a 45-page document from Carpenter.[5] *See* Doc. No. 4. Carpenter then filed a 32-page document that the clerk of court docketed on March 19, 2021. *See* Doc. No. 5. He then filed a 1,165-page "exhibit" and a 145-page "exhibit," which the clerk of court docketed on September 2, 2021, and September 13, 2021, respectively. *See* Doc. Nos. 7, 9. These submissions had the same characteristics as every other document dump in this case, namely, they are merely random photocopies (some indecipherable) and Internet printouts.

Given that Carpenter had demonstrated a continuing pattern of failing to adhere to the requirements of the Federal Rules of Civil Procedure, the court entered an order on September 14, 2021, requiring Carpenter to show cause why the court should not enter a pre-filing injunction to prevent his future non-compliance with the Federal Rules of Civil Procedure.[6] *See* Doc. No. 8. Since the entry of that order to show cause, Carpenter has filed a 147-page "exhibit," a 104-page "exhibit," and a 68-page "exhibit," which the clerk of court docketed on September 27, 2021, October 19, 2021, and October 20, 2021, respectively. *See* Doc. Nos. 10–12.

## II.    DISCUSSION

A district court may enjoin "abusive, groundless and vexatious conduct" pursuant to 28 U.S.C. § 1651(a), the All Writs Act. *Brown v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). This

---

[5] Apparently, the clerk's office had received this document on February 23, 2021, but did not docket it until March 1, 2021.

[6] Although Carpenter is *pro se*, he must still comply with the rules applicable to all litigants in federal court. *See generally Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (stating that *pro se* litigants must still allege sufficient facts in complaints to support a claim); *Siluk v. Beard*, 395 F. App'x 817, 820 (3d Cir. 2010) ("[W]hile courts have a special obligation to construe the pleadings of pro se litigants liberally, the right of self-representation does not exempt a party from compliance with relevant rules of procedural law." (internal citation omitted)).

"broad scope of . . . power . . . is limited by two fundamental tenets of our legal system-the litigant's rights to due process and access to the courts." *Id.* Because of the importance of these rights, a district court may only issue an injunction if three requirements are satisfied: "(1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case." *Holman v. Hooten*, Civ. A. No. 11-78, 2015 WL 3798473, at *7 (E.D. Pa. June 17, 2015) (quoting *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) (per curiam)); *see also Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990) (noting that pre-filing injunction is "an extreme remedy that must be narrowly tailored and sparingly used"). While "*pro se* litigants are not entitled to special treatment," *Brown v. City of Philadelphia*, Civ. A. Nos. 05-4160, 06-2496, 06-5408, 08-3369, 2009 WL 1011966, at *15 (E.D. Pa. Apr. 14, 2009), the use of a pre-filing injunction against a *pro se* litigant "must be approached with caution." *Grossberger*, 535 F. App'x at 86 (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)).

Here, Carpenter has shown a pattern of emailing papers to the undersigned or mailing and emailing documents to the clerk of court at the address established for unrepresented litigants to permit those litigants a means of filing other than through mail or in person. That email address was established as an accommodation to the disruptions caused by the novel coronavirus pandemic. No paper Carpenter has emailed to the clerk of court using that email address is captioned with the name of the United States District Court for the Eastern District of Pennsylvania. Rather, every submission is comprised solely of random, (occasionally indecipherable) photocopies and Internet printouts and do not relate events over which this court may exercise subject-matter jurisdiction, or over which venue is correct, or both.

Carpenter continues to send material to this court's email address and the email address of the undersigned for no apparent reason associated with the business of this court. Nonetheless, pursuant to Rule 5 of the Federal Rules of Civil Procedure, the clerk of court may not refuse to file a paper solely because it is not in the form prescribed by the Federal Rules. Consequently, while it might take Carpenter a single keystroke to email his documents to whomever he may choose, when he emails documents to a federal court, his actions have serious financial, staffing, and resource allocation implications for the court. For these reasons, Carpenter was ordered to show cause why he should not be enjoined from filing any further papers that are unsigned and not captioned for this court and, when those documents are initial pleadings that the clerk of court would otherwise be obligated to docket as a new case, that are unaccompanied by either the applicable fees or an application for leave to proceed *in forma pauperis*.

Since the entry of the show cause order, Carpenter has filed a series of additional documents via e-mail to the clerk of court. The court has treated these documents as responses to the show cause order. These "responses" are in the same form as every other Carpenter submission, *i.e.* they are comprised of random photocopies and Internet printouts; they are not captioned with the name of this court; and they are unsigned. More importantly, they contain no narrative explanation to show cause why the court should not enter a pre-filing injunction against Carpenter. To the contrary, having been placed on notice that an injunction was contemplated, Carpenter continued to engage in the same behavior that prompted the court's show cause order. This indicates that he did not take seriously the impact of his litigation activity on scarce judicial resources. As such, the court concludes that he has failed to offer any explanation why he should not be enjoined from continuing that behavior.

### III.     CONCLUSION

Finding that Carpenter has failed to show good cause why the court should not enter a pre-filing injunction, the court enjoins him from filing any further papers in this court, whether sent to the clerk of court or to the email address of the undersigned, (1) that are not captioned with the name of this court, (2) that are not hand-signed in compliance with Rule 11 of the Federal Rules of Civil Procedure, and (3) for case-initiating documents, for which he has failed to pay the required fees or moved for leave to proceed *in forma pauperis*. This injunction is appropriate since Carpenter has continually abused the judicial process, has been afforded notice of the potential injunction, and been afforded an opportunity to oppose the court's order. The injunction is narrowly tailored to fit the specific circumstances of this case since Carpenter is not prevented from filing hand-signed papers captioned for this court in cases actually pending in the United States District Court for the Eastern District of Pennsylvania and, if he wishes to file a new civil action, from doing so by submitting hand-signed papers captioned for this court and by paying the filing fee or seeking leave to proceed *in forma pauperis*. The clerk of court shall refuse to accept any non-conforming submissions and instead return them to Carpenter. The clerk of court may also accept for filing a notice of appeal of this order.[7]

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[7] Carpenter is placed on notice that continuing to email the undersigned's chambers is a violation of this injunction and may subject him to contempt of court charges.